# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ORVILLE M. HUTTON, | : | Civil No. 3:16-cv-1584 |
| Petitioner | : | (Judge Mariani) |
| v. | : | |
| CRAIG LOWE, *et al.*, | : | |
| Respondents | : | |

## MEMORANDUM

Petitioner, Orville Hutton, a detainee of the United States Immigration and Customs Enforcement ("ICE"), currently confined in the Pike County Correctional Facility, Lords Valley, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Hutton challenges his continued detention by ICE pending removal. (*Id.*). He requests, *inter alia*, immediate release or an individualized bond hearing. (*Id.* at p. 26). For the reasons set forth below, the Court will grant a writ of habeas corpus directing an Immigration Judge to conduct a bond hearing to determine if Hutton is a flight risk or danger to the community.

## I. Background

Hutton, a native and citizen of Jamaica, became a lawful permanent resident of the United States on October 31, 1972. (Doc. 1; Doc. 5-3, p. 2).

In 2010, a West Virginia grand jury indicted Hutton on four counts of malicious assault and sexual assault. (Doc. 5-4, pp. 2-3, Indictment). On May 21, 2010, Hutton was convicted in the Harrison County Circuit Court of the felony offense of unlawful assault. (Doc. 5-4, p. 7). On July 6, 2010, Hutton was sentenced to a one to five year term of imprisonment. (Doc. 5-4, pp. 7, 12).

On May 28, 2013, ICE served a Notice to Appear on Hutton indicating that he was subject to removal pursuant to section 237(a)(2)(A)(iii) of the Immigration and Nationality Act ("INA") based on his conviction of a "crime of violence" aggravated felony. (Doc. 5-3, pp. 2-4, Notice to Appear). He was taken into ICE custody on or about May 28, 2013. (Id.).

On September 9, 2013, an Immigration Judge ordered Hutton to be removed to Jamaica. (Doc. 5-6, pp. 2-10, Order of the Immigration Judge).

Hutton filed an appeal with the Board of Immigration Appeals ("BIA"). (Doc. 5-7, pp. 2-6, Decision of the Board of Immigration Appeals). On February 28, 2014, the BIA affirmed the Immigration Judge's decision and declined to delay the case while Hutton sought post-conviction relief. (Id.).

On March 21, 2014, Hutton filed a petition for review of the BIA's final order of removal with the United States Court of Appeals for the Third Circuit. (Doc. 5-8, pp. 2-7, Hutton v. Attorney General of the U.S., No. 14-1698 (3d Cir.). Hutton also filed a motion for a stay of his removal. (Id.). The Attorney General opposed the stay of removal and filed a

motion to dismiss. (*Id.*). On April 17, 2014, the Third Circuit granted the stay of removal and referred the dispositive motion to a merits panel. (*Id.*). On October 20, 2014, the Third Circuit issued an order staying the petition for review pending resolution of Hutton's appeal by the West Virginia Court of Appeals. (*Id.*).

Hutton filed a petition for a writ of error coram nobis in the Circuit Court of Harrison County in order to have his guilty plea conviction for unlawful assault vacated on the grounds of ineffective assistance of counsel. *See State v. Hutton*, 235 W. Va. 724, 726 (2015). The Harrison County Circuit Court denied his petition and Hutton appealed to the Supreme Court of West Virginia. *Id.* On June 16, 2015, the Supreme Court of West Virginia issued a decision on the question of whether a writ of error coram nobis existed in the state. *Id.* The West Virginia Supreme Court found that the writ existed and remanded the matter to the Circuit Court of Harrison County. *Id.* at 743. The matter remains pending in the Harrison County Circuit Court. (Doc. 5-9, pp. 2-3; *Hutton v. Attorney General of the U.S.*, No. 14-1698 (3d Cir.)).

## II. Discussion

Although Hutton's removal proceedings were final, the Third Circuit entered an order staying his removal. Because Hutton appealed to the Third Circuit, the final order was essentially "revoked" and no final order has yet been entered. *See* 8 U.S.C. § 1231(a)(1)(B)(ii) ("The removal period begins on the latest of the following ... [i]f the removal

3

order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order."); *see also Leslie v. Attorney General of U.S.*, 678 F.3d 265, 270 (3d Cir. 2012). Thus, Hutton is subject to pre-final order detention, and the Court must determine whether he is entitled to habeas relief in the nature of his release from the Pike County Correctional Facility pending the outcome of his immigration proceedings, or to order a bond hearing. Respondent does not oppose Hutton's request for a bond hearing, and asserts that the Court should order an Immigration Judge to conduct an individualized bond hearing. (Doc. 5, pp. 4-7).

Following Hutton's 2010 conviction, there was a clear legal basis for ICE to detain him pending the outcome of removal proceedings. *See Diop v. ICE*, 656 F.3d 221, 230 (3d Cir. 2011). Pursuant to 8 U.S.C. § 1226(c), the Attorney General must take into custody any alien who "is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title." 8 U.S.C. § 1226(c)(1)(B). Prior to a final removal order, an alien must be detained without being afforded a bond hearing. 8 U.S.C. § 1226(c). However, this "mandatory detention" provision has limits. *See Diop*, 656 F.3d at 232. Although mandatory detention for some classes of aliens under § 1226(c) is constitutional, Justice Kennedy's concurring opinion in *Demore v. Kim, et al.*, 538 U.S. 510, 532 (2003), helps inform the *Diop* Court's emphasis that continued detention can become unconstitutional unless the government justifies its actions at a hearing designed to

ascertain whether continued detention of the alien is necessary to achieve the law's stated purposes of preventing flight and minimizing potential dangers to the community. *Diop*, 656 F.3d at 233. Where detention has become unreasonable, "the Due Process Clause demands a hearing, at which the Government bears the burden of proving that continued detention is necessary to fulfill the purposes of the detention statute." *Id.*

Hutton has now been detained by ICE for nearly four years. Although the statutory law does seemingly dictate mandatory custody, "[w]e do not believe that Congress intended to authorize prolonged, unreasonable, detention without a bond hearing." *Hernandez v. Sabol*, 823 F. Supp. 2d 266, 272 (M.D. Pa. 2011). As stated *supra*, section 1226(c) authorizes detention for a reasonable amount of time, after which the authorities must make an individualized inquiry into whether detention is still necessary to fulfill the statute's purposes of ensuring that an alien attends removal proceedings and that his release will not pose a danger to the community. *See Diop*, 656 F.3d at 231. Given Hutton's nearly four year detention, the Court will direct that Hutton be granted a bond hearing to ascertain whether the immigration court considers him a flight risk or a danger to the community if he were released pending the outcome of his immigration proceedings.

This Court's decision is entirely consistent with other case law from the Middle District of Pennsylvania, as well as with the *Diop* Court's caution that prolonged detention of an alien (35-month detention in *Diop*), absent an individualized bond hearing, can become

presumptively unreasonable. See *Bautista v. Sabol*, 862 F. Supp. 2d 375 (M.D. Pa. 2012). Following *Diop*, the Middle District Court has ruled that a petitioner, detained for approximately twenty (20) months under § 1226(c), was entitled to release while his appeal of removal was pending in the immigration court and the Board of Immigration Appeals. See *Gupta v. Sabol*, 2011 WL 3897964, *1 (M.D. Pa. 2011). The *Gupta* Court stated that such decisions reflect "a growing consensus within this district and throughout the federal courts [ ] that prolonged detention of aliens under § 1226(c) raises serious constitutional concerns." *Id.* at *2. Although this Court declines to grant the outright release of Hutton in advance of a bond hearing, Hutton's detention does require a bond hearing.

    A separate Order shall issue.

Date: May \_\_11\_\_, 2017

Robert D. Mariani
United States District Judge